IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-73,932






EX PARTE JAMES OTIS BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 Keller, P.J., filed a dissenting opinion in which HERVEY, J. joined.

DISSENTING OPINION


 In Hull v. State, we held that a defendant who failed to object to the imposition of "zero
tolerance" probation forfeited his right to complain about it on appeal. (1) In that case the defendant
made no objection at the time of the imposition of probation, when the remarks were made, or at the
time of revocation. In this case, applicant likewise failed to object at trial. He has, therefore,
forfeited his right to complain that Judge Baraka pre-judged his punishment.

 Applicant, however, also raises an ineffective assistance of counsel claim, claiming that trial
counsel's failure to object, and appellate counsel's failure to complain about the failure to object,
constitute deficient performance.

 If Judge Baraka did not pre-judge applicant's punishment, then counsel was not ineffective
for failing to object. We have before us findings of fact from the original habeas judge and the
subsequent habeas judge. The original habeas judge - Judge King - found that applicant was entitled
to relief. The subsequent judge - Judge Stricklin - found that applicant was not entitled to relief. 
Judge King based his recommendation on the record without a hearing. Judge Stricklin held a
hearing at which Judge Baraka testified. To the extent that there is a difference of opinion between
the two habeas judges, and that difference rests upon a determination of Judge Baraka's credibility,
we should defer to the judge who heard Judge Baraka's testimony. 

 Judge Stricklin found that Judge Baraka would have permitted applicant to explain why he
violated the conditions of his probation, but applicant failed to do so. Judge Stricklin also found that
bias, if any, came from what Judge Baraka learned about applicant from the original plea and the
revocation hearing. The record supports these findings, as well as Judge Stricklin's finding that
Judge Baraka did not violate applicant's constitutional rights. Because there was no violation of
applicant's constitutional rights, trial counsel's failure to object did not constitute ineffective
assistance of counsel. 

 I respectfully dissent.

 KELLER, P.J.

Date filed: January 12, 2005

Publish
1. Hull v. State, 57 S.W.3d 215 (Tex. Crim. App. 2002).